PER CURIAM.
Pellicano Construction Company appeals from an order granting summary judgment in favor of the School Board of Jefferson County. The controversy concerns an amount of money which remains unpaid on a construction contract for remodeling and construction of a media center at a school in Jefferson County. The issue before the trial court was whether the contract price should be reduced by an amount of money which represented the two and one-half percent sales tax on services which was in effect at the time the construction contract was bid, but which was repealed prior to the contract going into effect. The trial judge ruled in favor of the school board because
(1) Relying on a theory of mutuality of remedies, he held that a provision of the contract which provided relief to Pellica-no, if taxes applicable to the project were raised, was equally applicable to provide relief to the school board if there was a reduction in taxes; and
(2) The service tax of two and one-half percent as adjusted[1] was not due under the repeal of the tax on January 1, 1988, and is rightfully the monies of the defendant, Jefferson County School Board, and for Pellicano to receive these repealed tax funds would constitute an unjust enrichment, as these monies are not monies earned as cost or profits under the contract.
While we do not agree with the trial court that the concept of mutuality of remedies requires the school board to have the same exact remedies as provided to Pellicano under the contract (see, e.g., Southern Crane Rental v. City of Gainesville, 429 So.2d 771 (Fla. 1st DCA 1983)), we do feel that under the circumstances of this case, the trial court correctly found that the amount in controversy should not inure to Pellicano as cost or profits under the contract.[2] Affirmed.
ZEHMER, BARFIELD and WOLF, JJ., concur.

. The adjusted amount reflected the two and one-half percent sales tax on services minus the one percent sales tax which was adopted at the time of the repeal of the service tax.

. Under the stipulated facts submitted to the trial court, a representative of Pellicano acknowledged that the contract bid price included the sales tax on services. In addition, sections 212.0594 and 212.07, Florida Statutes (1987), required that the tax be added to the cost price of the contract. Under section 212.07(4), Florida Statutes (1987), Pellicano could not absorb any part of the sales tax on services. The effect of these sections of chapter 212 was to make the tax a cost to the school board and not Pellicano.